# STATE OF MICHIGAN

# COURT OF APPEALS

---

*In re* JG, Minor

UNPUBLISHED
September 14, 2017

---

PEOPLE OF THE STATE OF MICHIGAN,

Petitioner-Appellee,

v

JG, Minor,

Respondent-Appellant.

No. 332381
Wayne Circuit Court
Family Division
LC No. 15-520281-DL

---

Before: GADOLA, P.J., and CAVANAGH and SWARTZLE, JJ.

PER CURIAM.

At a March 7, 2016, adjudication, the trial court determined that respondent, a juvenile, was responsible for first-degree criminal sexual conduct, MCL 750.520b(1)(a), second-degree criminal sexual conduct, MCL 750.520c(1)(a), child sexually abusive activity, 750.145c(2), and assault with intent to commit criminal sexual conduct involving sexual penetration, MCL 750.520g(1). The trial court ordered that respondent be placed on level-two probation in a secure placement outside of his home. Respondent appeals this order as of right. We affirm.

Respondent asserts that insufficient evidence was presented at trial to sustain his convictions. The gravamen of respondent's argument is not that the alleged impropriety does not satisfy the elements of the crimes. Rather, respondent argues that no impropriety occurred at all. Respondent asserts that the lower court incorrectly found that respondent's testimony had more inconsistencies than the victim's testimony and the victim's testimony was not credible on the question of whether she was involved in sexual activity. Respondent also argues that the burden of proof was incorrectly shifted to respondent to explain the evidence presented by the victim, violating his right to due process. Although presented under the banner of due process, respondent's brief on appeal makes clear that he is challenging the trial court's credibility determinations. Respondent's due process challenge is therefore properly characterized as a

challenge to the great weight of the evidence.[1]  We conclude that there was sufficient evidence to convict respondent of the crimes, and that the verdict was not against the great weight of the evidence.

When reviewing a challenge to the sufficiency of the evidence, we must consider the evidence in a light most favorable to the prosecution to determine whether a rational trier of fact would be justified in finding the essential elements of the crime were proven beyond a reasonable doubt.  *People v Wolfe*, 440 Mich 508, 515; 489 NW2d 748 (1992).  Similarly, a verdict is against the great weight of the evidence when "the evidence preponderates so heavily against the verdict that it would be a miscarriage of justice to allow the verdict to stand."  *People v Lacalamita*, 286 Mich App 467, 469; 780 NW2d 311 (2009).  "Generally, a verdict may be vacated only when the evidence does not reasonably support it and it was more likely the result of causes outside the record, such as passion, prejudice, sympathy, or some other extraneous influence."  *Id*.  Credibility determinations are reserved to the trial court sitting as fact finder.  *Id*. at 470.  "Conflicting testimony, even when impeached to some extent, is an insufficient ground" to grant relief.  *Id*. at 469-470.

Respondent's convictions stem from several incidents of sexual impropriety with an eleven-year-old victim.  Respondent was sixteen at the time of the alleged impropriety.  Regarding the first incident, the victim testified that respondent met her in the stairwell of her apartment late at night.  According to the victim, after the two talked for a while, respondent kissed her and touched her breast, and she reciprocated in kind.  The victim testified that the two then had sexual intercourse in the stairwell for approximately 45 minutes.

According to the victim, the day after the first incident, respondent sent her a picture of his genitalia via the anonymous texting application, Kik, and asked the victim to send him photographs of herself.  The victim responded with photographs of her own and the two began exchanging sexually explicit photographs.  Photographs of the victim were viewed by her parents and school personnel; however, no photos of respondent had surfaced as of the time of trial.

The second incident of sexual contact was witnessed by the victim's neighbor.  The victim's neighbor testified that she saw the victim and respondent in the stairwell of the apartment complex late at night.  According to the neighbor, the victim was laying on the floor while respondent kneeled over her, undoing her belt. The victim testified that she and respondent had intended to have sex on that occasion, but that they did not go through with the act after the neighbor interrupted them.

The victim's neighbor reported what she saw to the victim's father, who took her to a children's hospital to be examined.  While the victim's father was sitting with her, the victim denied being sexually active when questioned by the physician.  Nonetheless, the physician examined the victim and determined that she may have been sexually active, in particular, because the victim's hymen was not intact.  The victim testified that she did not tell the physician

---

[1] See *People v Latz*, 318 Mich App 380, 384; 898 NW2d 229 (2016) (stating that "courts are not bound by the labels a party gives to an argument but rather by the substance of the argument").

about her sexual activity with respondent because her father was in the room at the time the physician questioned her. The victim's father concurred, asserting that he thought his daughter had lied about her prior sexual activity because she was scared about admitting the truth.

When questioned by police officers, respondent did not deny the sexual impropriety. On the stand, however, respondent testified that he never had any sexual contact with the victim. Regarding the first incident, respondent testified that he did not kiss, touch, or have sex with the victim. Concerning the photographs, respondent acknowledged that he received photographs from the victim, but denied requesting the photographs and denied sending photographs of his own. Finally, regarding the second incident, respondent testified that the victim was having trouble with her belt, and that he was only attempting to help her with it.

The trial court credited the victim's testimony over respondent's and found respondent guilty of the charged offenses. On appeal, respondent argues that the victim's testimony was inconsistent and that the trial court erred by crediting it as truthful. Primarily, respondent relies on the fact that the victim told her physician that she had not been sexually active, which directly contradicts her trial testimony. The victim, however, also testified that she lied to the physician because she did not want to admit her sexual activity in front of her father. Moreover, the victim's testimony was supported by the physician's report. Accordingly, we are unable to conclude that this inconsistency was so unexplainable as to render the entirety of the victim's testimony unreliable. Similarly, we agree with the trial court that the remaining inconsistencies in the victim's testimony were minor compared to the inconsistencies present in respondent's testimony.

Reviewing the entire record, we conclude that the evidence was sufficient to support respondent's convictions. *Wolfe*, 440 Mich at 515. Moreover, we are unable to conclude that the evidence so clearly preponderates in the opposite direction that it would be a miscarriage of justice to allow the verdict to stand. *Lacalamita*, 286 Mich App at 469. Accordingly, respondent's claims regarding evidence sufficiency and the great weight of the evidence fail and the appeal is denied. As noted above, we consider defendant's argument regarding due process to be more properly characterized as an argument regarding the great weight of the evidence. Still, to the extent that respondent has raised due process concerns on appeal, we have reviewed the record in its entirety and find that respondent was afforded the process due to him.

Affirmed.


/s/ Michael F. Gadola
/s/ Mark J. Cavanagh
/s/ Brock A. Swartzle

-3-